Case 4:15-cv-02210   Document 39   Filed in TXSD on 01/25/17   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEIKH M. RAFIQ, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MANUEL LOPEZ, Owner of Nueva Vida Senior Apartment, Owner of Tejano Center for Community Concerns, Inc.; KENNETH TANN, Owner of MMM Housing Management, Inc.; and DOLORES SANCHEZ, | § § § § § § § § | CIVIL ACTION NO. H-15-2210 |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the court are Plaintiff's Letter of Thanks to Judge Nancy K. Johnson and Plaintiff's Response to Defendants' Motion for Summary Judgment and Plaintiff's Notice to [A]rrange/[P]rovide [H]im a U.S. Attorney ("Pl.'s Thanks, Response, & Notice") (Docket Entry No. 35) and Defendant Nueva Vida Apartments' Response to Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation of January 3, 2017 (Docket Entry No. 38).[1]

Plaintiff concurrently filed a Notice of Appeal (Docket Entry No. 36). The appeal of the magistrate judge's Memorandum and

---

[1]In its response, Defendant argues that Plaintiff's objections were not timely filed, but the court considered the objections in full as if timely filed.

Recommendation, a non-appealable order, does not divest this court of jurisdiction to review Plaintiff's objections. <u>See</u> <u>United States v. Green</u>, 882 F.2d 999, 1001 (5th Cir. 1989) ("Notice of appeal from a non-appealable order, however, does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal.") (citing <u>United States v. Hitchmon</u>, 602 F.2d 689, 692 (5th Cir. 1979), <u>superseded by statute on other grounds as recognized in</u> <u>United States v. Romans</u>, 823 F.3d 299, 316 (5th Cir. 2016)).

Plaintiff requests that the court deem his objections to be "an affidavit/sworn statement" because he is unable, due to his indigence and poor health, to engage a notary.[2] Although highly unusual, the court treats the relevant factual statements as sworn.

This court must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific written objections. <u>See</u> Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The court has reviewed de novo the Memorandum and Recommendation in its entirety. The magistrate judge concluded that Plaintiff failed to raise a fact question on either the discrimination claim that Defendant prevented Plaintiff from accessing public transportation for the disabled or the retaliation claim that Defendant instituted eviction proceedings in response to Plaintiff's filing of

---

[2] Pl.'s Thanks, Response, & Notice, Docket Entry No. 35, p. 10.

-2-

discrimination complaints with the United States Department of Housing and Urban Development.

The summary judgment evidence establishes that the sign, which Defendant placed outside the apartment complex to protect the driveway structure, was placed there for a legitimate reason. The summary judgment evidence also establishes that after Plaintiff notified Defendant that the sign was deterring METROLift drivers from entering the complex, the manager of Nueva Vida Apartments contacted METRO supervisors to clarify that the sign did not apply to METROLift. Plaintiff states in his objections that the sign is still posted outside the apartment complex and speculates that it may be confusing to new METROLift drivers, which may cause "inconvenience/hazards to disabled/elderly residents."[3] He does not assert that he has been required to board a METROLift van outside of the complex or has suffered any harm as a result. Plaintiff's evidence does not controvert the testimony of Nueva Vida Apartments' manager. Even when taking Plaintiff's assertions in his objections as sworn testimony, nothing suggests intentional discrimination based on disability.

Regarding the retaliation claim, Plaintiff does not state in his objections that he engaged in a protected activity prior to the filing of the eviction action. Absent any evidence to that effect, the claim cannot survive summary judgment.

---

[3] Id. at 8.

Plaintiff's objections are **OVERRULED**. The court is of the opinion that the Memorandum and Recommendation should be adopted in its entirety.

It is **ORDERED** that the Memorandum and Recommendation (Docket Entry No. 34) is hereby **ADOPTED** by this court.

**SIGNED** at Houston, Texas, on this 25th day of January, 2017.

                                             _____
                                                       SIM LAKE
                                             UNITED STATES DISTRICT JUDGE